**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID R. YURUS ,**

    **Plaintiff,**

vs.                                               **Case No. 4:01cv17/MCR/WCS**

**VARIABLE ANNUITY LIFE
INSURANCE COMPANY, et al.,**

    **Defendants.**
    _____/

**O R D E R**

    Before the court is the report of Magistrate Judge William C. Sherrill recommending that judgment in specific amounts for attorneys' fees and/or sanctions be entered in favor of defendants BenefitsCorp. and T. Rowe Price, and against plaintiffs David R. Yurus and Samantha Yurus and plaintiffs' counsel Steven R. Andrews ("Andrews"). (Doc. 1082). No objections have been filed. As set forth below, upon review of the magistrate judge's report and recommendation the court has determined that it should be adopted, as modified.[1]

---

[1] Title 28 U.S.C. § 636 provides that district courts "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1) see also Fed.R.Civ.P. 72; Diaz v. United States, 930 F.2d 832, 836 (11th Cir. 1991). With respect to reports as to which no objection has been made, district courts in the Eleventh Circuit have reviewed for clear error. See, e. g., Miller v. Singletary, 958 F.Supp. 572, 573 (M.D.Fla.1997) (citing Gropp v. United Airlines, Inc., 817 F.Supp. 1558, 1562 (M.D.Fla. 1993)). Section 636 and Rule 72 authorize the district court to accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The extensive factual background and history of this case have been set forth in prior court documents and need not be repeated at length here.[2] The instant report and recommendation is the second of two thorough and carefully considered submissions by Magistrate Judge Sherrill. In the report presently under view he recommends entry of judgment against David Yurus in the amount of $79,833.86 as attorneys' fees pursuant to 42 U.S.C. § 1988 ($19,833.86 as to T. Rowe Price and $60,000.00 as to BenefitsCorp); against Samantha Yurus in the amount of $2,677.17 as attorneys' fees (as to T. Rowe Price); and against Andrews in the amount of $51,411.55 as sanctions pursuant to Fed.R.Civ.P. 11 ($27,487.15 as to T. Rowe Price and $23,924.40 as to BenefitsCorp, of which each amount $1000.00 is against David Yurus, jointly and severally).

The court finds that the attorneys' fees which the magistrate judge recommends should be awarded to T. Rowe Price and BenefitsCorp are reasonable; therefore, the court accepts the magistrate judge's recommendation in the amounts of $19,833.86, $60,000.00, and $2,677.17 set forth above.[3] As to the amount of sanctions, the court

---

[2] In short, in 2001 David Yurus and his wife, Samantha Yurus, initiated this action against various providers of financial instruments to Florida's Department of Insurance and others alleging, inter alia, that David Yurus' employment as a financial specialist for the State of Florida had been terminated for uncovering an effort to defraud the state and participants in its retirement plan with inadequate investment products. He asserted several constitutional and state law claims; Samantha Yurus asserted a loss of consortium claim. Settlement was reached with some of the defendants but numerous of the provider defendants remained. In 2002, Samantha Yurus elected to withdraw from the lawsuit, after the court dismissed the plaintiffs' second amended complaint without prejudice and a third amended complaint was filed; motions to dismiss the third amended complaint later were denied. In September 2004 the court granted summary judgment in favor of the remaining defendants, and on appeal the Eleventh Circuit affirmed. The court referred the motions for attorneys' fees and sanctions filed by defendants T. Rowe Price and BenefitsCorp to Magistrate Judge Sherrill for consideration. By order dated September 20, 2005, this court adopted Magistrate Judge Sherrill's August 15, 2005, report recommending that the motions for attorneys' fees and sanctions be granted. (See docs. 1027, 1031). The matter was then referred to the magistrate judge for this second report and recommendation as to the amounts of fees and sanctions to be awarded.

[3] In his second report Magistrate Judge Sherrill notes that the fees presently sought by defendant T. Rowe Price include those for services performed at the appellate level and that T. Rowe Price had also moved the Eleventh Circuit Court of Appeals for appellate attorneys' fees. Accordingly, Magistrate Judge Sherrill suggested that if the Eleventh Circuit granted T. Rowe Price's request the recommended fee award in this court should be reduced by a commensurate amount. Since entry of the instant report, the Eleventh Circuit granted T. Rowe Price's motion as to entitlement but remanded the matter for determination of a reasonable amount. (Doc. 1086). In light of the nature of the Eleventh Circuit's remand, and this court's conclusion that the recommended amount of attorneys' fees awarded to T. Rowe Price is reasonable, it is unnecessary for this court to make the deduction referenced by Magistrate Judge Sherrill.

likewise adopts the magistrate judge's recommendation, but with the following modification regarding the sums awarded.

Although reasonable attorneys' fees may be awarded as sanctions under Rule 11 "the primary purpose" of such sanctions is "to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994); see also Fed.R.Civ.P. 11(c)(2) (providing that "sanctions are limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."); Riccard v. Prudential Insurance Company, 307 F.3d 1277, 1294 (11th Cir. 2002) (noting that selection of type of sanction lies within the district court's discretion, although the most commonly imposed sanctions are costs and attorneys' fees); Cargile v. Viacom International, Inc., 282 F.Supp.2d 1316 (N.D.Fla. 2002).[4] This court acknowledges that the determination of the appropriate amount of a monetary sanction inevitably will involve a certain amount of subjectivity. In this instance, the court is satisfied that a sum sufficient to deter future conduct violative of Rule 11 by Andrews and David Yurus is $5,000.00 as to defendant T. Rowe Price and $5,000.00 as to defendant BenefitsCorp, with $500.00 of each amount being entered against David Yurus, jointly and severally with Andrews. The court therefore so orders.

Accordingly, it is ORDERED:

1.  The magistrate judge's report and recommendation is adopted and incorporated by reference in this order, as modified above.

2.  The clerk shall enter judgment in favor of T. Rowe Price and against David Yurus in the amount of $19,833.86 as attorneys' fees pursuant to 42 U.S.C. § 1988.

3.  The clerk shall enter judgment in favor of T. Rowe Price and against Samantha Yurus in the amount of $2,677.17 as attorneys' fees pursuant to 42 U.S.C. § 1988.

4.  The clerk shall enter judgment in favor of BenefitsCorp against David Yurus in the amount of $60,000.00 as attorney's fees pursuant to 42 U.S.C. § 1988.

---

[4] See also In re Kunstler, 914 F.2d 505, 522 (4th Cir. 1990) (indicating that the primary purpose of Rule 11 is to deter future litigation abuse and the amount of a monetary sanction should reflect the purpose of deterrence); Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994) (stating that because the primary purpose of Rule 11 sanctions is deterrence the amount of attorney's fees awarded as a sanction is squarely within the district court's discretion).

5. The clerk shall enter judgment in favor of T. Rowe Price against Steven R. Andrews in the amount of $5,000.00, and of this amount, against David Yurus, jointly and severally with Steven R. Andrews, in the amount of $500.00, as sanctions pursuant to Fed.R.Civ.P 11.

6. The clerk shall enter judgment in favor of BenefitsCorp against Steven R. Andrews in the amount of $5,000.00, and of this amount, against David Yurus, jointly and severally with Steven R. Andrews, in the amount of $500.00, as sanctions pursuant to Fed.R.Civ.P. 11.

**DONE AND ORDERED** this 28th day of July, 2006.


s/     *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**